IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH MICKELSON, a citizen and resident of the Commonwealth of Kentucky )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEROME H. MICKELSON, a citizen and resident of the State of Illinois, individually and as Trustee for the Trust of Ralph R. Mickelson, the Trust of Shirley Mickelson, and Certain Related Trusts )<br>)<br>)<br>)<br>)<br>)<br>Defendant. ) | No. 1:11-CV-5061<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES the Plaintiff, Judith Mickelson, by her undersigned attorney, and for her Complaint against Defendant, Jerome H. Mickelson, alleges as follows:

**NATURE OF THE ACTION**

This is a breach of fiduciary duty dispute regarding a number of trusts that were established by the parties' parents, Ralph Mickelson ("Ralph") and Shirley Mickelson ("Shirley"). The trusts (collectively, the "Trusts") were established for the benefit of Plaintiff, Judith Mickelson ("Judy"), Defendant, Jerome H. Mickelson ("Jerry"), and their two brothers, Jonathan D. Mickelson ("Jon") and Julian D. Mickelson ("Julian") (collectively, the "Children"). Jerry was named, and at all times relevant hereto has acted as, trustee or co-trustee of each of the Trusts. Although Judy has been denied access to adequate information on which to base a precise valuation of the Trusts, she estimates that the total value of her parents' estate exceeded $20 million.

Judy's Complaint alleges a number of material breaches of Jerry's fiduciary obligations to Judy in connection with his oversight and administration of the Trusts. As will be further outlined below, Jerry has engaged in a decade-long effort to limit Judy's access to funds from her Trusts, as a result of which Judy is now destitute. Despite being lawfully entitled to the benefit of millions of dollars of trust assets, which were entrusted to Jerry for Judy's benefit and support, Judy has received only a fraction of her rightful share of support from the Trusts. As a result, she now depends on food stamps and relies on support from friends and religious and charitable organizations, while Jerry continues to pay himself hundreds of thousands of dollars from the Trusts.

In furtherance of his efforts to deprive Judy of her share of the Trust assets, Jerry has refused to provide proper accountings, violated specific provisions of the Trusts to provide for Judy's support, used trust assets for his own benefit, wasted trust assets, coerced Judy to consent to self-dealing by Jerry and to release valuable legal rights, and otherwise breached his fiduciary duties as trustee.

According to Jerry, Judy's remaining trust holdings, which she believes were at one time worth several million dollars, have been depleted to approximately $80,000. Judy contends that this balance reflects not Judy's consumption of her share of the trust *res*, but rather is the result of Jerry's manipulative efforts to deprive Judy of her fair share of the trusts.

Finally, as is further described below, due to the structure of the Trusts, Jerry stands to benefit personally by refusing to distribute to Judy her fair share of trust assets during her lifetime. As a result, Judy respectfully submits that Jerry has a conflict of interest and his conduct as trustee is subject to strict scrutiny for compliance with the express terms of Trusts, applicable law and fundamental fairness.

## PARTIES

1. Judith Mickelson, an individual, is a citizen and resident of the Commonwealth of Kentucky.

2. Jerome H. Mickelson, an individual, is a citizen and resident of the State of Illinois. Jerry is sued in his individual capacity and in his capacity as trustee of the Trusts, each of which was created and has been administered in, and pursuant to the laws of, the State of Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this case presents a controversy between citizens of different states in which the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) & (2).

## FACTS COMMON TO ALL COUNTS

5. Jerry is and at all times relevant hereto has been the trustee or co-trustee of the following trusts, as to each of which Judy is or has been, directly or indirectly, a beneficiary or contingent beneficiary:

    a. Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended ("Bob's Trust"), a true and correct copy of which is attached hereto as EXHIBIT A;

    b. Marital Exempt Trust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended;

c. Marital Nonexempt Trust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended;

d. Family Trust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended;

e. Trust of Shirley Mickelson dated August 13, 1987, as amended ("Shirley's Trust"), a true and correct copy of which is attached hereto as EXHIBIT B;

f. Mickelson Family 1996 Charitable Remainder Unitrust dated December 16, 1996;

g. Judith Mickelson Exempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

h. Judith Mickelson Nonexempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

i. Jerome H. Mickelson Exempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

j. Jerome H. Mickelson Nonexempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

k. Jonathan D. Mickelson Exempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

    l. Jonathan D. Mickelson Nonexempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

    m. Julian D. Mickelson Exempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

    n. Julian D. Mickelson Nonexempt Subtrust Under the Declaration of Trust of Ralph R. Mickelson dated February 26, 1992, as amended, and under the Trust of Shirley Mickelson dated August 13, 1987, as amended;

    o. Any and all related trusts not listed or identified heretofore as may be discovered or identified in these proceedings.

6. By virtue of Section 10.3D of Bob's Trust and Section 9.03(d) of Shirley's Trust, Jerry will be entitled to receive one third of any assets remaining in Judy's trusts upon her death.

7. As a result of the provisions of Section 10.3D of Bob's Trust and Section 9.03(d) of Shirley's Trust, Jerry has a direct conflict of interest, in that he has a personal financial interest in minimizing distributions to Judy.

8. As Trustee of the Trusts, Jerry owes a fiduciary duty to comply with the express terms of the Trusts, to protect Judy's interests in the Trusts, to deal with Judy fairly, openly and honestly, and to avoid any conflict of interest.

## COUNT I: FAILURE TO PROVIDE PROPER ACCOUNTING

9. As trustee, Jerry is and at all relevant times has been required, pursuant to 760 ILCS 5/11, to provide to the trust beneficiaries, including Judy, at least annually, "a current account showing the receipts, disbursements and inventory of the trust estate."

10. Similarly, Section 11.14 of Bob's Trust and Section 10.14 of Shirley's Trust require Jerry to provide annual accountings to the trust beneficiaries, including Judy.

11. Jerry has failed to provide annual accountings in accordance with 760 ILCS 5/11, Section 11.14 of Bob's Trust and Section 10.14 of Shirley's Trust, and has repeatedly refused Judy's and her attorneys' requests for such accounting and for other relevant information regarding the Trusts.

12. Jerry's failure to provide annual accountings as required by 760 ILCS 5/11, Section 11.14 of Bob's Trust and Section 10.14 of Shirley's Trust, and to provide other relevant information regarding the Trusts, constitutes a breach of fiduciary duty.

13. As a proximate result of Jerry's breach of his fiduciary duty to provide annual accountings and other relevant information regarding the Trusts, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

## COUNT II: FAILURE TO DISTRIBUTE TRUST INCOME

14. Under Section 10.3A of Bob's Trust, pursuant to the Second Amendment to Bob's Trust dated July 22, 1998, Jerry, as Trustee, was directed as follows:

> The trustee shall pay the income of the child's trust in convenient installments, at least quarterly, to the child during the child's lifetime.

15. By virtue of Section 10.3A of Bob's Trust, Judy was entitled to receive distributions of her share of trust income at least quarterly.

16. Jerry has failed to make the distributions required under Section 10.3A of Bob's Trust.

17. Jerry's failure to make the distributions required under Section 10.3A of Bob's Trust constitutes a breach of fiduciary duty.

18. As a proximate result of Jerry's breach of his fiduciary duty to distribute trust income at least quarterly, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

## COUNT III: FAILURE TO PROVIDE FOR SUPPORT

19. Under Section 10.3 of Bob's Trust and Section 9.03 of Shirley's Trust, Jerry was required to exercise his reasonable discretion as trustee to distribute to Judy from the Trusts such sums "as the trustee deems advisable from time to time for the support of the child."

20. Section 11.1 of Bob's Trust and Section 10.01 of Shirley's Trust set forth identical definitions of "support" as follows:

> The term "support" shall mean expenses for support in the beneficiary's accustomed manner of living, medical care and education (including college, postgraduate, professional, religious, and trade school education).

21. Jerry has failed to exercise reasonable discretion in distributing trust principal and income for Judy's support as required under the Trusts, as a result of which Judy has been forced to live in impoverished conditions and to rely on the support of friends, religious and charitable organizations, as well as government subsistence in the form of food stamps.

22. Jerry has repeatedly imposed onerous and unreasonable conditions and demanded unwarranted documentation and justification as a condition to distributing trust assets for Judy's support.

23. While he has imposed onerous and unreasonable conditions on Judy to justify the distribution of trust assets for Judy's support, on information and belief Jerry has authorized substantial distributions to himself, Jon and Julian without similar conditions.

24. The disparity in conditions imposed on Judy on the one hand, and Jerry, Jon and Julian on the other, with respect to providing support from the Trusts constitutes a clear abuse of discretion and breach of fiduciary duty.

25. As described in Para. 6 above, the structure of the Trusts provides Jerry a personal financial incentive to reduce Judy's share of the trust assets; as such, Jerry's exercise of discretion while subject to a material conflict of interest is subject to the highest scrutiny for fundamental fairness.

26. Jerry's failure to exercise reasonable discretion in providing for Judy's support as required under Section 10.3 of Bob's Trust and Section 9.03 of Shirley's Trust constitutes a breach of fiduciary duty.

27. As a proximate result of Jerry's breach of his fiduciary duty to provide for Judy's support from the trust assets, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

### COUNT IV: IMPROPER ACCOUNTING OF TRUST ASSETS, INTERESTS AND DISTRIBUTIONS

28. As set forth in Count III above, the Trusts imposed upon Jerry a fiduciary obligation to provide for Judy's support through distributions of trust principal and income.

29. Rather than making distributions to provide for Judy's support, Jerry has repeatedly characterized certain distributions to Judy as loans and repayment of purported debts, and

charged interest to Judy, including without limitation loans associated with the financing of Judy's home in Kentucky.

30. As a result of his mischaracterization of trust assets and distributions, Jerry contends that Judy owes her parents' estate and/or the Trusts approximately $940,000.

31. Knowing that Judy lacked the means to repay the loans, Jerry utilized the purported debt, together with accumulated interest thereon, to offset distributions to which Judy would otherwise have been entitled, including without limitation a $500,000 distribution in 2009.

32. Payments for Judy's home clearly constituted reasonable support under the Trusts, and thus should have been considered distributions in accordance with the terms of the Trusts.

33. Jerry's imposition of offsets against distributions to Judy also violated Section 11.4 of Bob's Trust and Section 10.04 of Shirley's Trust, each of which provides as follows:

> The interests of a beneficiary in income or principal shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered.

34. By characterizing payments towards Judy's support as loans, and offsetting against distributions certain claims of creditors, Jerry has violated the express terms of the Trusts and abused his discretion as trustee to provide for Judy's reasonable support.

35. Jerry's failure to provide for Judy's support by properly accounting for and characterizing trust assets, interests and distributions, constitutes a breach of fiduciary duty.

36. As a proximate result of Jerry's breach of his fiduciary duty to properly account for and characterize trust assets, interests and distributions, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

## COUNT V: WASTE

37. On information and belief, Jerry has asserted various charges against Judy's trust interests for legal fees and other expenses that were not properly chargeable against Judy's trust holdings.

38. On information and belief, Jerry has elected to acquire and/or retain substantial non-income producing assets in the Trusts rather than converting these holdings into assets that can generate adequate income to support Judy.

39. Section 10.3A of Bob's Trust and Section 9.03A of Shirley's Trust set forth identical directives to the trustee as follows:

> It is my intent that the support of the child be given priority over conservation of principal.

40. Jerry's failure to properly invest, preserve and manage trust assets to provide for Judy's support constitutes a waste of trust assets and a breach of fiduciary duty.

41. As a proximate result of Jerry's breach of his fiduciary duty to preserve Judy's trust assets, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

## COUNT VI: COERCION AND DURESS

42. Jerry has coerced Judy to sign one or more instruments purporting to absolve him, his attorneys, and his advisers, of any liability in connection with their actions or inactions with respect to the Trusts and their administration, including the failure to provide proper accounting to Judy (the "Releases"), and to consent to certain transactions with the Trusts that benefited Jerry personally (the "Consents").

43. Judy executed the Releases and Consents under financial duress, and under coercion from Jerry, in that, among other things, she had been denied financial means on which to support herself, had been threatened with foreclosure of her home, was not provided access to independent counsel and was advised that future distributions under the Trusts required such consent, notwithstanding the express provisions of the Trusts to the contrary.

44. Further, by virtue of Jerry's failure to make adequate disclosure regarding the nature of the Releases and the Consents and their impact on Judy's interests, as well as Jerry's own financial interest in obtaining the Releases and the Consents, Judy was fraudulently induced to execute the Releases.

45. Jerry's abuse of his powers as trustee to coerce Judy to execute the Releases and the Consents, each of which was executed under duress and without adequate disclosure, constitutes a breach of fiduciary duty.

46. As a proximate result of Jerry's breach of his fiduciary duty to deal with Judy fairly and openly in connection with the Releases and the Consents, Judy has suffered economic and other harm for which she is entitled to recover reasonable damages and other relief.

47. Given that she entered into the Releases and Consents under coercion and duress, and without adequate disclosure, to the extent Jerry seeks to avail himself of such Releases and Consents, Judy respectfully contends that they should be deemed unconscionable, against the terms of the Trusts and unenforceable against her.

WHEREFORE, Plaintiff, Judith Mickelson, respectfully demands as follows:

1. Entry of an Order requiring Defendant, Jerome H. Mickelson, to provide a full and proper accounting pursuant to the 760 ILCS 5/11 and the terms of the Trusts;

2. Judgment against Defendant, Jerome H. Mickelson, for breach of fiduciary duty;

3. An award of compensatory damages in an amount to be proved at trial, plus interest;

4. An award of punitive damages;

5. An award to Plaintiff of her costs and attorneys' fees incurred herein;

6. Trial by jury;

7. Removal of Defendant, Jerome H. Mickelson, as trustee of the Trusts;

8. Rescission of the Releases and Consents;

9. Imposition of a constructive trust on any and all trust assets, including proceeds, that Jerry has received; and

10. Any and all other legal and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Lloyd C. Chatfield II
IL ARDC No. 6301542
11 N. Skokie Hwy., Suite 205
Lake Bluff, IL 60044
Tel. (224) 688-9942
ATTORNEY FOR PLAINTIFF