Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5061 | **DATE** | 3/26/2013 |
| **CASE TITLE** | Mickelson vs. Mickelson | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [50] is denied without prejudice. Plaintiff has 21 days from the entry of this order to submit a complete financial affidavit, or the *in forma pauperis* application will be denied with prejudice. Plaintiff's motion for "Articulation and Clarification" [45] is granted as stated below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Judith Mickelson's (1) *in forma pauperis* application [50] and (2) motion for "Articulation and Clarification" [45]. For the following reasons, the motion to proceed *in forma pauperis* is denied without prejudice. Plaintiff has 21 days from the entry of this order to submit a complete financial affidavit, or the *in forma pauperis* application will be denied, and the case dismissed, with prejudice.

To permit Plaintiffs to proceed *in forma pauperis*, the Court must find two things: (1) that Plaintiffs cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a),(e). The Court will dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915 (e)(2)(B).

Plaintiff has represented to this Court that she has no income (including Social Security payments, welfare, etc.) whatsoever beyond $200 worth of monthly food stamps. The Court is highly skeptical of this representation. As a non-incarcerated person, Plaintiff must have some way of obtaining food, shelter and clothing on a day-to-day basis. The Court must have an accurate picture of Plaintiff's finances before it determines if she is eligible to proceed *in forma pauperis*.

In addition, in response to question 2.b, Plaintiff indicated that her last employer was "self," which the Court takes to mean that Plaintiff was at one point self-employed. However, she provided no additional information in response to question 2.b.

At a minimum, Plaintiff must re-file her *in forma pauperis* application explaining how she pays for her residence and food beyond the $200 per month in food stamps. If Plaintiff needs to file a written statement attached to the financial affidavit form to provide the Court an accurate explanation of her financial situation, she should do so.

|                              STATEMENT                              |
|---------------------------------------------------------------------|

As to the suit itself, it is not clearly frivolous, so if Plaintiff can provide a financial affidavit demonstrating she qualifies, the Court will grant her application to proceed *in forma pauperis*. Plaintiff has 21 days to re-file an accurate financial affidavit or the motion to proceed *in forma pauperis* will be denied with prejudice.

With regard to Plaintiff's second motion, her "Move [sic] for Articulation and Clarification" [45], the Court first notes that Plaintiff failed to file a notice of presentment before the Court in violation of Local Rule 5.3(b). Despite this failure, the Court will briefly address the motion. First, Plaintiff desires further articulation as to why her motion to voluntarily dismiss or transfer the case was denied. Plaintiff sought to dismiss the case without prejudice or transfer it to the Eastern District of Kentucky [31], alleging that her previous counsel had misrepresented the litigation's progress, that she had found various defects in her case and that the Court believed she was unstable. Plaintiff indicated that legal counsel in Kentucky had opined that the case "should have been much more expansive then [sic] pled and filed." *Id.* at 1.

Plaintiff does not indicate whether she reviewed the transcript of the December 13, 2012 hearing in which the Court denied her motion. Plaintiff is free to order a copy of that transcript, for a fee, from the court reporter if she has not. During that hearing, the Court indicated to the Plaintiff that any concerns she had about the previous court being biased against her were no longer an issue, since this Court had just been assigned the case. Plaintiff stated she still wanted to dismiss the case because she wanted to proceed with it "down here in Kentucky." Dec. 13, 2012 Transcript at 4. When asked upon what basis a court in Kentucky would have jurisdiction over the Defendant, an Illinois resident, Plaintiff responded, "[w]ell, I don't know." *Id.* Because Plaintiff could not articulate a grounds for asserting jurisdiction over Defendant, the Court ruled that the case should proceed here in the Northern District.

Under Federal Rule of Civil Procedure 41, a Plaintiff can voluntarily dismiss an action after Defendant has filed an answer "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. Whether moving to dismiss or moving to transfer, the moving party is the one that bears the burden of demonstrating the case should be dismissed or transferred. *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)(party moving to transfer pursuant to 28 U.S.C. 1404(a) bears burden of establishing transferee forum is more convenient); *Lach v. Ciba-Geigy Corp.*, No. 96 C 596, 1996 U.S. Dist. LEXIS 16262 at *9 (N.D. Ill. Oct. 31, 1996)(finding plaintiff failed to carry her burden of voluntary dismissal under Rule 41). Plaintiff, in voicing her desire to dismiss or transfer so that she could proceed with the trial in Kentucky, failed to carry that burden. She articulated no reasons the Court deemed proper grounds to dismiss, and she could not establish that a court in Kentucky would have jurisdiction over the Defendant.

Plaintiff also asks for written clarification as to what "'rules, procedures and orders,' plaintiff 'does/does not' have to follow or comply with as concerned in her motion." *Pro se* plaintiffs are expected to follow the same "rules, procedures and orders" that attorneys practicing in this District are required to follow. *Laye v. Dollar Tree Stores,* 10 CV 3714, 2012 U.S. Dist. LEXIS 9236 at *1 (N.D. Ill. Jan. 26, 2012)("Although courts construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless comply with federal and local procedural rules."). While not exhaustive, this includes the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois. *See* www.ilnd.uscourts.gov. Failure to do so may lead to sanctions against the offending party.

Which brings the Court back to Plaintiff's failure to notice her motion for presentment according to Local Rule 5.3(b). Now that Plaintiff is aware of the rules and procedures she is to follow as the case progresses, she should understand that the Court will strike any motions made without proper notice. As a final matter, the Court observes that Plaintiff may wish to avail herself of the assistance offered by the *Pro Se* Help Desk

| **STATEMENT** |
|---|
| located on the 20th Floor of the Dirksen Federal Building. The Help Desk is available to assist Plaintiff should she have questions about the form of filings, matters of court procedures, and the like. |