Case: 13-3138      Document: 00712331846            Filed: 10/14/2014      Pages: 4

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted September 22, 2014[*]
Decided September 22, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 13-3138 | |
| JUDITH MICKELSON, <br> *Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 11 C 5061 |
| JEROME H. MICKELSON, <br> *Defendant–Appellee*. | Harry D. Leinenweber, <br> *Judge*. |

**O R D E R**

    This appeal stems from a bitter dispute over the inheritances of Judy Mickelson and her three brothers. Judy sued her brother Jerome (Jerry), the trustee of family trusts, for breach of fiduciary duty. She also asserted that Jerry exploited her financial troubles and coerced her into signing a 2003 settlement in which she acknowledged a large debt

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

owed to her father's estate. The district court granted summary judgment for Jerry, finding that there were no material factual disputes about whether he breached his fiduciary duty or coerced Judy into signing the settlement. We affirm.

Judy's parents, Bob and Shirley Mickelson, established several trusts on behalf of their four children. They named Jerry the trustee and instructed that the trusts be funded with their estate (for which Jerry was the executor).

In the 1980s Judy began borrowing money from her father to fund her horse-breeding business in Kentucky. After her father's death in 2001, Judy continued to borrow from his estate, and by 2003 she had incurred hundreds of thousands of dollars in debt and was in default on some of those loans. Jerry agreed that their father's estate would assume Judy's mortgage and offset her debts against her distributions from the family trusts. The siblings memorialized their agreement in 2003 in a written settlement drafted by Jerry's lawyer. In the settlement Judy also acknowledged owing nearly half of a million dollars to her father's estate, and she agreed to release Jerry from any liability arising out of his administration of the estate and family trusts. Shirley died two years later. After that Judy took out additional loans from her parents' estate, and documented each transaction with a promissory note to Jerry, incorporating her obligations under the 2003 agreement. Beginning in 2008 the trusts made varying cash distributions to Judy and her brothers, reflecting the amounts they had borrowed from their parents' estate.

In 2011 Judy (represented by counsel) sued Jerry for breaching fiduciary duties and coercing her into accepting the 2003 settlement. She asserted that Jerry did not provide annual accountings, improperly recorded as loans what were actually distributions from her trust, wasted trust assets, and coerced her (by taking advantage of her difficult financial situation) into executing the 2003 settlement. Judy grew dissatisfied with her lawyer's performance, however, and in late 2012 moved—after the lawyer's withdrawal from the case—to dismiss the case so that she could bring it again later, or refile it in a Kentucky federal court. The district court denied her motion because Jerry had already filed his answer, she had not met her burden of showing that the case should be dismissed, and she could not establish that a court in Kentucky would have jurisdiction over Jerry.

The district court granted summary judgment for Jerry. The court found summary judgment appropriate because Judy did not properly contest Jerry's version of the facts, in violation of Northern District of Illinois Local Rule 56.1, and the

No. 13-3138 Page 3

documents she submitted in opposition to summary judgment contained evidentiary problems: (1) her affidavit included legal conclusions not supported by evidence in the record, and (2) a consultancy's forensic report of the trusts was unsworn, incomplete (in that the materials relied upon were not identified), and substantively questionable because it was based on the flawed assumption that the 2003 settlement was "null and void." The court also determined that summary judgment would be appropriate on other grounds—Judy failed to identify fact questions challenging whether her claims were barred by the 2003 settlement or whether Jerry coerced her into signing the agreement, and in any event she had waived any right to raise the issue of coercion by waiting eight years after signing the settlement to bring this suit. Finally, even if the settlement did not bar her fiduciary-duty claims, Judy's claims still failed because she did not provide any evidence of damages.

On appeal Judy first challenges the district court's denial of her motion to voluntarily dismiss her suit, and argues that dismissal would not have harmed Jerry. But the court did not abuse its discretion in denying the motion, *see Fluker v. County of Kankakee*, 741 F.3d 787, 794–95 (7th Cir. 2013); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007), because the court considered Jerry's objections—that he had spent significant time and effort defending the suit for more than a year—and concluded that Judy had not met her burden of showing that dismissal was appropriate.

Judy next challenges the grant of summary judgment and maintains that she properly disputed Jerry's proposed facts through her two-page memorandum in opposition to summary judgment, her affidavit, and the consultancy's report. But the district court did not abuse its discretion by accepting Jerry's facts as undisputed because Judy violated the local rules by neither responding to his proposed facts nor providing her own statement of facts supported by citations to evidence in the record. *See* N.D. ILL. L.R. 56.2; *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630–31 (7th Cir. 2010); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002). Although we liberally construe Judy's filings, district courts may require pro se litigants to comply strictly with local rules. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Finally Judy maintains that she is entitled to additional distributions from her parents' trusts, and that Jerry misrepresented the value of the trusts, withheld records from her, and coerced her into signing the 2003 settlement. But she did not dispute Jerry's evidence, which showed that he distributed the trust assets equally to all the

No. 13-3138                                                                                                         Page 4

siblings, provided her with the records that she requested, and did not coerce her into signing the agreement.

AFFIRMED.